Memorandum. Order affirmed, without costs. Appellant’s furtive movements behind an unoccupied automobile adjacent to farm fields justified limited police inquiry, including the request for identification, even though up to that point there might not have been probable cause for a search or arrest (see People v De Bour, 40 NY2d 210, 216-218, 220; cf. People v Morales, 42 NY2d 129, 135). It is true that the limited inquiry led defendant to produce two knives as he emptied his pockets in compliance with a police demand for identification, but disgorging of the knives did not make the inquiry a "search”. Once the police saw the knives and associated defendant with *1060 a warrant poster describing a suspected rapist, there was, of course, ample cause to hold defendant for custodial interrogation.
Appellant’s other contention, that his waiver of rights during custodial interrogation was not knowing and voluntary, is foreclosed by the findings of fact below, findings supported by the evidence.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.